3-2-1-0-5-9-1 Robert Cammacho Jr., James A. Jones, Bruce D. Oliver, David B. Speer, and George Urbina, Appellants v. City of Joliet, Appalachia I know that you all have had the opportunity to read our brief as well as Mr. Lindsay's brief and our replies so I'm going to keep this relatively short. Essentially there aren't any facts in dispute in these cases. All of the petitioners were CDL holders driving their commercial motor vehicles who were ticketed by the City of Joliet for overweight violations. Two of them were also ticketed for over length violations, but essentially the argument in terms of overweight violations, it applies to both of them, overweight and over length violations. Now these petitioners, they were all found liable at an administrative hearing and essentially the appellant's argument is that these offenses should not have been adjudicated at Joliet City Hall administratively, and instead should have been adjudicated at the circuit court level. The reason being, and there's a couple different reasons, one being that our position is that these overweight violations are considered moving violations. And two, because it's our position that these offenses are considered reported to the Secretary of State. Now there's a case on point that I know you've all had the opportunity to read that we rely heavily on, it's Catom Trucking. It's out of the 1st District and essentially in Catom, the 1st Circuit interpreted a provision of the Illinois Vehicle Code, specifically 65 ILCS 5-1-2.1-2. There they held that the City of Chicago was unable to, based on that statute, adjudicate moving violations or offenses that are reported to the Secretary of State through Section 6-204 of the Illinois Vehicle Code. We believe that Catom was correctly decided. In that case, they did find that the overweight and overlength violations were considered moving violations. And to this day, that was decided back in 2011, and to this day, the City of Chicago is not able to administratively adjudicate these cases. And, you know, if Chicago can't do it, it's our position that the same logic applies that Joliet shouldn't be able to do it either. Now, the reason why we say that these offenses are reportable, because back in 2011, they weren't, but since 2012, Congress, they passed this act, it was called the Moving Ahead for Progress in the 21st Century Act. Essentially, what that meant is that these offenses for CDL holders are reported to the Secretary of State. The Illinois Vehicle Code, basically, in order to comply with the Federal Act, has amended Section 6-204 of the Illinois Vehicle Code. Specifically, they say that the reporting requirements of this Subsection A apply to all violations listed in Paragraphs 1 and 2 of the Subsection A, excluding parking violations, when the driver holds a CLP or CDL, regardless of the type of vehicle in which the violations occurred, or when any driver committed the violation in a commercial motor vehicle. In essence, what that means is, if you have a CDL, or you're driving in a commercial motor vehicle, and you commit a traffic violation that's not a parking violation, that's excluded. But if you commit a parking violation, or a traffic violation, aside from that, it is reported to the Secretary of State. Therefore, it's a reportable offense. That alone should be enough to say that these overweight and over-length tickets have to be heard, or at least argued, in front of a circuit court, and not in front of an administrative hearing officer at City Hall. Further, I know that in Mr. Lindsey's brief, he's arguing that these overweight and over-length violations are not moving violations. Instead, what the City is trying to do is regulate the condition of the vehicles, which they would be allowed to do. They can regulate the standing, parking, or condition of vehicles. However, we disagree with that interpretation. I think it's plain as day that what's happening is CDL drivers, or people at least driving in commercial motor vehicles, are being ticketed for traversing down roadways without the appropriate permits. They're moving violations. They're moving down a roadway that they're not supposed to, a public roadway at that. Whereas, if the City was simply regulating the condition of the vehicles, it wouldn't matter that the vehicles were going down the roadway, and it wouldn't matter that it would be on a public roadway. The City of Joliet is large. There's refineries. There's granaries. There's farms. There's train stations. It's a huge industrial town with large pieces of machinery, giant tractors. Some of them are the size of picking up train carts and moving them. However, those gigantic vehicles are not – there's no problem with the condition of those vehicles until they drive down a roadway without the appropriate permit. For that reason, they are considered moving violations. Part one, they're moving violations. Part two, they are reportable to the Secretary of State. We contend that for that reason, they should be heard by a judge at the circuit court and not at an administrative hearing at Joliet City Hall. And if CATM was wrongly decided, which we say it wasn't, but if CATM was wrongfully decided back in 2011, we argue that the General Assembly has had over 10 years at this point to correct it. They could have added language to the vehicle code or something along those lines to actually make it so that these particular offenses aren't – just to clarify, overweight tickets are not moving offenses, but they failed to do that. And to this day, like I said, Chicago – the city of Chicago still cannot administratively adjudicate these offenses, so I don't believe that it's appropriate that Joliet does either. For those reasons, I'm asking that this court find that the finding of liability for these defendants be reversed. Other than that, if your honors have any questions for me, I'm willing to answer, but I'll rest on that. I don't have any questions for you, Mr. Cobb. Thank you. You'll be given five minutes in rebuttal. Mr. Lindsay, are you ready to proceed? Yes, I am. Thank you, Judge. May it please the court, my name is Todd Lindsay, L-E-N-Z-I-E, and I represent the city of Joliet. The city requests that you affirm the trial court's order denying appellant's complaint for administrative review. Where I'd like to start is the appellant indicated that there was two tickets here, over length and overweight. The over length ticket was not appealed at administrative review at the trial court level, so therefore it is not on appeal with this court today. The real issue here is whether, as appellant said, the city of Joliet has the power to administratively adjudicate overweight tickets. I'm arguing that we do. As appellant said, the main case on this is Cadham Trucking. Cadham Trucking was out of Chicago, and it heavily reviewed 65 ILCS 5-1-2.1-2. That indicates that any municipality may provide by ordinance for a system of administrative adjudication of municipal code violations to the extent permitted by the Illinois Constitution. A system of administrative adjudication means the adjudication of any violation of a municipal ordinance, except for, and this is the key part, proceedings not within the statutory or home rule authority of municipalities, and any offense under the Illinois Vehicle Code or a similar offense that is a traffic regulation governing the movement of vehicles, and except for any reportable offense under Section 6-204 of the Illinois Vehicle Code. The appellant makes this distinction. I want to start with the reporting requirements. That section indicates that it's reportable under 6-204 of the Illinois Vehicle Code, not anything with the federal government. Judge, so I'm arguing that that does not apply. His argument that they're reportable because of the federal government doesn't matter because the statute plainly says it has to be reportable under 6-204 of the Illinois Vehicle Code. And when you look at 6-204 of the Illinois Vehicle Code, that is when courts to forward license and reports. Under Subsection 2, it specifically excludes reporting of weights of vehicles. It is plain in 6-204. This is not a reportable violation. CADM doesn't even really speak to the reportability of them. They do kind of gloss over them because that statute plainly exempts that. It is not a reportable violation. The main holding under CADM is the first district looked at the except for and then proceedings not within the statutory or home rule authority of municipalities. And any offense under the Illinois Vehicle Code or a similar offense that is a traffic regulation governing the movement of vehicles and except for any reportable offense under 6-204 of the Illinois Vehicle Code. I am arguing that CADM was not rightly decided by the first district because what they decided is the Subsection 2 includes two separate exemptions, not one. They said the second and except for meant there was in essence in 1-2.1-2, three exemptions and not two because of that and except for. That was wrongly decided because the first district ignored the fact that our legislature chose to put a one and a two. Two should be one exemption that both of those are required, not two separate. Regardless, even to distinguish CADM from this case. The first district, which is 2011 Illinois Act First 101-146 in paragraph 18. They quote the city of Chicago overweight ordinance and they say the executive director may upon application in writing and good cause being shown issue a special permit authorizing a vehicle or combination of vehicles, not in conformity with the size regulation of this chapter, or the wheel and axle loads and gross weight provisions of Section 115-111 of the Illinois Vehicle Code to be operated or moved upon any street or highway under the jurisdiction of the city. Distinction, the key things that distinguishes the city of Joliet's municipal code from Chicago's at the time is the words moved upon. Clearly what Chicago was talking about is a moving violation. The city of Joliet just says operate. It does not say moved upon. The first district apparently thought those words were important because they put in when they quoted that language they put emphasis on by putting those in italics moved upon. What the city of Joliet in in their in our city code does not mean moved upon the city of Joliet has the jurisdiction to administratively adjudicate these cases. CADM was wrongly decided. The city of Joliet is a home rule municipality too. We have jurisdiction to administratively adjudicate these cases. It's ridiculous to think that a weight of the vehicle is not a condition of the vehicle. To receive an overweight ticket. You don't actually have to be moving a truck can be stopped in the middle of the road. We're not talking speeding. We're not talking weaving between our lanes. We're talking about a condition of the vehicle. For those reasons, I'm asking you to deny the appellant's brief and affirm the trial court. Thank you. Thank you, Mr. Lindsay. Rebuttal, Mr. Cobb. Yes, Your Honor, very briefly. So, in terms of the reporting requirement, I, I believe that Mr. Lindsay misconstrued my argument about that. So, it's not the fact that it is federally reported. All right. So, he cited that it has to be reportable under section 6-204 of the Illinois Vehicle Code, which is correct. However, if you go, if you go to page 15 of our brief, we cite the Illinois Vehicle Code, that particular section 6-204. And it provides in that section that all violations listed in paragraphs 1 and 2 of this subsection A, excluding parking violations, when the driver holds a CLP or CDL, regardless of the type of vehicle in which the violation occurred, or when any driver committed the violation in a commercial motor vehicle as defined in section 6-500 of this code. That's, those are when it's reported to the Secretary of State, as you can see in the following paragraph, shall be forwarded to the Secretary of State. So, in order to comply with that federal code, right, section 6-204, that language was added to it so that they are reported under section 6-204. So, there's no way around that. Section 6-204 makes these offenses, every offense for somebody who has a CDL or a CLP, or is driving a commercial motor vehicle, a reportable offense, except for parking violations, which isn't what we're addressing today. So, these are, in fact, reportable offenses under the code that CATM has already interpreted. CATM was properly decided. Like I said, if it was wrongfully decided, the General Assembly has had plenty of time to patch up those errors and rectify the situation. So, that by itself, because these are reportable offenses, should be enough that they cannot be adjudicated by the City of Joliet. That said, boots on the ground, these are moving offenses. People are not being ticketed because they're stopped in the middle of the road with an overweight vehicle. They are operating the motor vehicle. They're going down the road. Operating is, it's a verb. It's not a, it's an action. It's what you're doing. These people are moving down these roadways in violation of the code. In fact, the term operate, the fact that it's in there, means that if an overweight vehicle is just sitting on a road and nobody's around, that's not, it's not being operated on. It's being operated on when they're moving it down the road. So, in essence, that, I mean, they are moving violations in that way. And when these vehicles aren't on the public roadways, or when they have a permit allowing them to be, all of a sudden, I don't see how it can be the condition of the vehicle if the problem is not the fact that the vehicle is large, but the fact that they're going down a roadway without the proper permits. So, because they're reportable, because they're moving offenses, I mean, it's just plain and simple. They have to be heard at the circuit court level, not at an administrative hearing. So, I'm once again asking that you reverse the finding of liability for the appellants. Thank you. Thank you, Mr. Thank you console for your arguments. The case will be taken under advisement and a written decision will be forthcoming in due course. And now we're going to take a break will be escorted out of our virtual courtroom, and we will adjourn for a new panel. Thank you.